JOHN FREDERICK NORDSICK, AS ACTING EXECUTOR OF THE ESTATE OF ANNA NORDSICK, DECEASED, v. JAMES M. BAXTER.

Submitted December 9, 1899—Decided February 26, 1900.

In an action against a surety for rent, there was evidence on the part of the defendant that the rent for those months had been paid; in corroboration receipts which acknowledged payment of rent accruing on the lease for subsequent months were offered. One receipt which did not show it was for rent was excluded and another for rent admitted; in sending the papers to the jury, the receipt excluded was, by mistake, sent and the other not. *Held*, that as the only evidential force of the receipts was to raise an inference of the payment of the rent previously accrued and did not affect the amount due, no injury was done by the improper submission of the excluded receipt.

On contract.    On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the rule, *Marshall Van Winkle.*

*Contra, Thomas Anderson.*

PER CURIAM.

The case discloses that the issue tried presented a pure question of fact. It was properly presented to the jury and the verdict may be supported on the evidence, unless it is objectionable on the ground disclosed by affidavits taken under the rule.

From those affidavits it appears that among the papers sent to the jury one was included which had been excluded when offered by defendant; one which had been admitted in evidence in defendant's behalf was not sent to the jury.

There is no reason to conclude that this error was intentional on defendant's part. On the contrary, it clearly appears that plaintiff's counsel and his principal witness (himself a New York lawyer and plaintiff's agent) had examined the papers before they were sent to the jury, and the mistake seems to have been participated in by all concerned.

But apart from that consideration we are of the opinion that the irregularity could have done no possible injury to plaintiff.

The action was against a surety to recover rent for certain specified months of the term of a lease. There was evidence on the part of defendant that the rent for those months had been paid. To corroborate that evidence defendant offered a number of receipts which acknowledged the payment of rent accruing on the lease for subsequent months of the term.

The only evidential force of such receipts was to raise an inference of the payment of the rent previously accrued.

The receipt offered and excluded was for $20, and did not disclose that it was for rent; when offered plaintiff's counsel said that he did not object to its going to the jury for what it was worth, but the court excluded it.

The receipt admitted, which was not sent to the jury, was for $40, and was for rent.

As the evidence did not affect the amount due, but only the existence of any indebtedness, we think no injury was done by the improper submission to the jury of the excluded receipt.

Let the rule be discharged.